IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANIEL BOLLED EMBAYE PETITIONER

V. Civil Case No. 5:26-cv-00443-DCB-BWR

R. VERGARA RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Daniel Bolled Embaye, a native and citizen of Ethiopia, filed his pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 on May 7, 2026, challenging his detention and seeking his immediate release from Immigration and Customs Enforcement's (ICE) detention. Since the filing of his Petition, the Board of Immigration Appeals (BIA) dismissed his appeal, and his removal order became administratively final. Thus, Petitioner is now detained under 8 U.S.C. § 1231(a). Having considered the Petition [1], the Response [5], and the relevant law, it is recommended that the Petition be dismissed without prejudice because Petitioner's pre-removal-order statutory claims are now moot, and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

I. BACKGROUND

In December 2024, Petitioner entered the United States without being admitted or paroled after inspection. *See* Ex. A to Resp. [5-1] at ¶ 4. On January 14, 2025, Petitioner claimed a fear of return to his home country, and on January 28, 2025, U.S. Citizenship and Immigration Services found Petitioner to have a credible fear of persecution or torture. *Id.* at ¶ 6. In February 2025, a Notice to Appear for

removal proceedings was issued, charging Petitioner as an arriving alien who is removable pursuant to Section 212(a)(7)(A)(i)(I) and Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). *Id.* at ¶ 7.

On July 16, 2025, an immigration judge issued an order denying Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed from the United States to Ethiopia. *Id.* at ¶ 8. Petitioner, through counsel, appealed to the BIA, and on May 13, 2026, the BIA dismissed his appeal. *See* Ex. B to Resp. [5-2].

Petitioner filed his Petition on or about May 7, 2026, while his appeal to the BIA was still pending, alleging violation of the Due Process Clause and violation of 8 U.S.C. § 1231(a)(6). Pet. [1] at 6. Petitioner requests the Court to order his immediate release from ICE custody. *Id.* at 7. Petitioner is detained at the Adams County Correctional Center in Natchez, Mississippi.

According to the Declaration of Ronnie Downey, Supervisory Detention and Deportation Officer (SDDO) for U.S. Department of Homeland Security, following the BIA's dismissal of Petitioner's appeal, Enforcement and Removal Operations (ERO) immediately began efforts to secure travel documents for Petitioner's removal. *See* Ex. B to Resp. [5-2] at ¶¶ 10-11. On July 2, 2026, ERO received the travel document application forms indicating Petitioner "Refused to sign." *Id.* at ¶ 12. As a result, on July 8, 2026, ERO initiated a Failure to Comply case. *Id.*

Despite Petitioner's noncompliance, ERO proceeded with the travel document request. *Id.* at ¶¶ 13-16. On August 18, 2026, ERO received travel documents for

Petitioner, which expire on January 28, 2027. *Id.* at ¶ 17. While Petitioner had not been removed as of the time of the declaration, August 18, 2026, SDDO Downey submits that ERO has successfully procured a travel document for Petitioner from the Embassy of Ethiopia, and efforts are ongoing to secure Petitioner's removal. *Id.* at ¶ 18.

II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

At the time he filed his Petition, Petitioner's appeal to the BIA was still

pending. However, since the filing of his Petition, the BIA dismissed his appeal, and Petitioner's removal order became administratively final on May 13, 2026. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."). Petitioner is now detained under 8 U.S.C. § 1231.[1] *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing *Andrade*, 459 F.3d at 542-43). Accordingly, any claims challenging Petitioner's pre-removal detention are now moot. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("The removal order became administratively final . . . when the [BIA] dismissed the appeal of the immigration judge's decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.") (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947-48 (S.D. Tex. 2020) ("Any prolonged detention claim related to Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's

[1] At the time Petitioner filed his Petition on or about May 7, 2026, he was not detained under 8 U.S.C. § 1231, as his removal proceedings were ongoing. Since the BIA has now dismissed Petitioner's appeal and his order of removal is administratively final, he is now detained under 8 U.S.C. § 1231.

appeal shifted her detention to the framework erected in § 1231.").

Pursuant to 8 U.S.C. § 1231, "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 701); *see also Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743, 757 (5th Cir. 2008) (acknowledging the Court's holding in *Zadvydas* that the presumptively reasonable six-month period of detention begins after the 90-day removal period) (citing *Zadvydas,* 533 U.S. at 682-83, 688-89, 701). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that

there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

To the extent the Petition is liberally construed to challenge Petitioner's post-removal detention, such claim is premature under the framework set forth in *Zadvydas*. While the removal period recently expired on or about August 12, 2026, the six-month period of presumptively valid detention following the removal period will not expire until approximately February 12, 2027. Thus, Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Zadvydas*, 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

Under these facts, Petitioner cannot establish "good reason to believe that there is no significant likelihood" he will be removed "in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied and dismissed without prejudice.

IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 9th day of September, 2026.

s/ Bradley W. Rath

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE