IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANIEL BOLLED EMBAYE, PETITIONER
#A 221-387-172

VS. CIVIL ACTION NO. 5:26-CV-443-DCB-BWR

R. VERGARA, Warden of
Adams County Correctional
Center RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [ECF No. 7] of the United States Magistrate Judge entered herein on September 9, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report and Recommendation, Judge Rath recommended that Embaye's Petition [ECF No. 1] be denied and dismissed without prejudice. Petitioner, proceeding pro se, has failed to file objections to the Report and Recommendation by his deadline of September 23, 2026. Embaye did, however, file a Reply [ECF No. 8] to his Petition on September 25, 2026, which he signed on September 18, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the

"clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, in an abundance of caution, the Court broadly construes Petitioner's Reply [ECF No. 8] as his objection to the Report and Recommendation of Judge Rath. See [ECF No. 7]. When a party objects to a Report and Recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991) (party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed Embaye's Petition, the related filings, and the record in this matter. The Court has also broadly construed Embaye's Reply [ECF No. 8] as an objection to the Report and Recommendation [ECF No. 7]. Even so, Embaye fails to point to any error of law or fact in the Report and Recommendation. Instead, he recites the procedural posture of his appeal to the Fifth Circuit of the Immigration Judge's decision. Further, he argues that length of the appeal process necessarily implies that his detention will be "indefinite" and his "detention will not end in the foreseeable future." [ECF No. 8] at 3. Such generalized objections are insufficient; they merely repeat those he asserts in his petition and do not equate to a substantive objection. Therefore, finding no error, the Court adopts Judge Rath's findings and conclusions in full as the opinion of this Court.

As Judge Rath found, Embaye's order of removal became final on May 13, 2026, thus Petitioner is now being detained pursuant to 8 U.S.C. § 1231(a). [ECF No. 7] at 3-4. As such, his pre-removal statutory claims are now moot. Id. at 4. While Petitioner's 90-day removal period expired on or about August 12, 2026, his detention is still presumptively valid under the framework of Zadvydas v. Davis, 533 U.S. 678 (2001). See Tran v. Mukasey, 515 F.3d 478, 482 (5th Cir. 2008) (finding that the government is entitled to a six-month presumption to effectuate deportation). As Judge Rath found, the Zadvydas six-month period will not expire

until approximately February 12, 2027. [ECF No. 7] at 6. Thus, any challenges Embaye asserts regarding his post-removal detention are premature. [ECF No. 10] at 5.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 7] be, and the same hereby is, adopted as the finding of this Court. Consequently, Embaye's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 7th day of October, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE